IN THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| CLARKSVILLE LIMB & BRACE & REHAB, INC., KENTUCKY PROSTHETICS, INC. d/b/a KENTUCKY PROSTHETICS AND ORTHOTICS, INC., MATTHEW E. HAYDEN, O&P SERVICES, INC. d/b/a KENTUCKY PROSTHETICS AND ORTHOTICS, INC., THOMAS K. CLARK, PAULA R. CLARK, BIONIC PROSTHETICS AND ORTHOTICS GROUP, LLC and UNITED NATIONAL INSURANCE COMPANY. | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes Now Plaintiffs MASSACHUSETTS BAY INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA, (collectively referred to as "Plaintiffs"), and for their Complaint for Declaratory Judgment, alleges as follows:

**INTRODUCTORY ALLEGATIONS**

1. Plaintiff, Massachusetts Bay Insurance Company is an insurance company organized under the laws of New Hampshire and has its principal place of business in the state of New Hampshire. Massachusetts Bay Insurance Company is licensed to issue insurance in the state of Indiana with the Indiana Department of Insurance.

2. Plaintiff, Citizens Insurance Company of America is an insurance company organized under the laws of Michigan is licensed to issue insurance in the state of Indiana with the Indiana Department of Insurance.

1

3. Defendant, CLARKSVILLE LIMB & BRACE & REHAB, INC., upon information and belief, is a corporation organized and existing under the laws of the State of Tennessee.

4. Defendant, KENTUCKY PROSTHETICS, INC. d/b/a KENTUCKY PROSTHETICS AND ORTHOTICS, INC., upon information and belief, is a corporation organized and existing under the laws of the Commonwealth of Kentucky.

5. MATTHEW E. HAYDEN, upon information and belief, resides in the Commonwealth of Kentucky.

6. O&P SERVICES, INC. d/b/a KENTUCKY PROSTHETICS AND ORTHOTICS, INC., upon information and belief, is a corporation organized and existing under the laws of the Commonwealth of Kentucky.

7. THOMAS K. CLARK AND PAULA R. CLARK, upon information and belief, are residents of the Commonwealth of Kentucky.

8. BIONIC PROSTHETICS AND ORTHOTICS GROUP, LLC, upon information and belief, is a limited liability corporation organized and existing under the laws of the State of Indiana.

9. UNITED NATIONAL INSURANCE COMPANY, upon information and belief, is an insurance company organized under the laws of Pennsylvania is licensed to issue insurance in the state of Indiana with the Indiana Department of Insurance.

10. On or about May 5, 2021 to May 5, 2022, Massachusetts Bay Insurance had a full force and effect a commercial policy of insurance issued to Bionic Prosthetics and Orthotics Group, LLC, policy number ZDW D55090804. Clarksville Limb & Brace & Rehab, Inc. is identified as an Additional Insured to Policy ZDW D550908 04. Bionic Prosthetics and Orthotics Group, LLC is located in Merrillville, Indiana. A certified copy of the policy is attached as Exhibit A.

11. On or about May 5, 2021 to May 5, 2022, Citizens of America Insurance Company full force and effect a commercial policy of insurance issued to Bionic Prosthetics and Orthotics Group, LLC, policy number U7W H212124 02. Clarksville Limb & Brace & Rehab, Inc. is identified as an Additional Named Insured on Policy U7W H212124 02. Bionic Prosthetics and Orthotics Group, LLC is located in Merrillville, Indiana. A certified copy of the policy is attached as Exhibit B.

## JURISDICTION AND VENUE

12. The named insured is domiciled in Indiana.

13. Plaintiffs are seeking the Court's determination as to insurance coverage, a claim based on contract interpretation. The Policies in this case are considered Indiana Policies.

14. The Court has jurisdiction based on complete diversity of the parties and because the amount in controversy in the underlying lawsuit exceeds $75,000.00. *See* 28 USC §1332.

15. The Court has jurisdiction over this action pursuant to 28 US §§2201 and 2202 insofar as Massachusetts Bay Insurance Company and Citizens Insurance Company of America seek declaration of its rights and duties under the insurance policies at issue.

16. Defendants have sufficient minimum contacts with this judicial district to confer personal jurisdiction over them in this Court.

17. Venue is proper in the District under 28 USC § 1391 because jurisdiction is based on diversity of citizenship and the insurance policies involved in the determination are both written in Indiana.

## FACTUAL ALLEGATIONS/UNDERLYING ALLEGATIONS AND CLAIMS

18. This underlying case was filed in Jefferson Circuit Court, Jefferson County, Kentucky under Cause Number: 21-CI-002337 with allegations that Mr. Clark sustained bodily injuries and Mrs. Clark suffered loss of consortium when the Medical Defendants improperly sold Mr. Clark a "previously sold" prosthetic leg device on February 4, 2019, which included a prosthetic knee, lower limb, and foot.

19. The device manufacturer intended it for "single use" only. Plaintiffs allege the Medical Defendants falsely represented the device to be new and selected for Mr. Clark's sole use and installation upon his person. Plaintiffs contend the device was not a proper fit, lacked functionality and caused, among other damages, great pain, and suffering.

20. Plaintiffs' Complaint asserts the following Counts for relief against Medical Defendants: Count I – Common Law Negligence; Count II – Medical Negligence; Count III – Medical Negligence –Lack of Informed Consent; Count IV – Strict Products Liability - Design Defect; Count V – Strict Products Liability – Failure to Warn; Count VI – Breach of Implied Warranties; Count VII –Breach of Express Warranties; Count VIII – Violation of Consumer Protection Act; Count IX –Outrage; Count X – Punitive Damages; Count XI – Loss of Spousal Consortium.

21. The Clarks then filed their First Amended Complaint on April 1, 2024.

22. The First Amended Complaint re-alleges all claims and counts asserted in the original Complaint and adds new claims as against O & P Services, Inc. as d/b/a Kentucky Prosthetics and Orthotics, Inc., and additional named insured Clarksville Limb & Brace & Rehab, Inc.

23. Plaintiffs identified O&P Services, Inc. as another d/b/a Kentucky Prosthetics and Orthotics, Inc., and reasserts all claims against the Medical Defendants in its Complaint to include O&P Services, Inc.

24. The First Amended Complaint alleges additional named insured Clarksville knowingly participated in an Asset Purchase Agreement with the Medical Defendants on February 8, 2022, the asset transfer be voided as to them, or in the alternative, they be awarded "compensating damages" as against Clarksville.

## COUNT I
### No Coverage as there is no "Occurrence"

25. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 24 of their Complaint as Paragraph 25 of Count I of their Complaint, as though fully stated herein.

26. Policy Number ZDW D55090804 states, in pertinent part:

SECTION I- COVERAGES
COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement.
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply." ….

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" …

SECTION V

13. "Occurrence" means an accident including continuous or repeated exposure to substantially the same general harmful conditions.

4

27. Policy U7W H232124 02 has the identical language.

28. None of the claims made directly against Clarksville arise from an "occurrence" as defined by both Policies, and therefore there is no coverage for Clarksville under either Policy.

29. In the First Amended Complaint, Plaintiffs "repeat, reiterate and re-allege" the allegations against the other Defendants in the original Complaint against Clarksville in the First Amended Complaint.

30. Even with those additional causes of action, there are no actions that fall within the definition of "occurrence" under either Policy.

## COUNT II
## No Coverage Because the Claims Fall within the Contractual Liability Exclusion

31. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 30 of their Complaint as Paragraph 31 of Count II of their Complaint, as though fully stated herein.

32. Policy ZDW D55090804, in pertinent part:

> 2. Exclusions
> b. Contractual Liability
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

33. Policy U7W H232124 02 has the identical language.

34. Based on the terms of the Asset Purchase Agreement used to form part of the Clarks' claims, there are no provisions in which Clarksville, as the Buyer, assumes any liabilities of Matthew E. Hayden and/or Kentucky Prosthetics, Inc and/or O&P Services, Inc. A true and accurate copy of the Asset Purchase Agreement is attached as Exhibit C.

35. There is no coverage for Clarksville under either Policy based on the Contractual Liability Exclusion of both Policies.

## COUNT III
## No Coverage for Intentional Acts

36. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 35 of this Complaint as and for Paragraph 36 of Count III as though fully stated herein.

37. Policy ZDW D55090804 states, in pertinent part:

    SECTION I--COVERAGES
    COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY
    2. Exclusions
    a. Expected or Intended Injury

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

38. Policy U7W H232124 02 has the identical language.

39. All claims made directly against Clarksville are intentional in nature, specifically claims that the transfer of assets to Clarksville under the applicable Asset Purchase Agreement (Exhibit C) was designed to evade paying any judgment in the pending lawsuit filed by the Clarks.

40. Even considering the causes of action in the original Complaint, the Clarks have alleged that the Medical Defendants intentionally provided him a used orthotic. They further alleged the Medical Defendants falsely represented the device to be new and selected for Mr. Clark's sole use and installation upon his person. Even if these claims were to extend to Clarksville, the Expected or Intended Injury exclusion would apply.

41. There is no coverage for Clarksville under the Expected or Intended Injury Exclusion.

## COUNT IV
## No Coverage for Punitive Damages

42. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 38 of this Complaint as and for Paragraph 39 of Count IV as though fully stated herein.

43. Policy ZDW D55090804 states, in pertinent part:

PUNITIVE DAMAGES EXCLUSION

This insurance does not apply to any sum awarded for punitive damages, exemplary damages, multiplied damages, fines, penalties or liquidated damages. Any adjustments to fees or governmental payments are also excluded.

44. Policy U7W H232124 02 has the identical language.

45. The Clarks have specifically requested recovery for punitive damages from Clarksville in their First Amended Complaint.

46. There is no coverage for the payment of any punitive damages awarded under either Policy.

## COUNT V
## No Duty to Defend

47. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 42 of this Complaint as and for Paragraph 43 of Count V as though fully stated herein.

48. Policy ZDW D55090804 states, in pertinent part:

SECTION I—COVERAGES
COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE
1. Insuring Agreement
   a…. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

49. There is no coverage under either Policy based on multiple exclusions including, but not limited to, lack of occurrence, contractual liability exclusion, and intentional act exclusion.

50. Neither Plaintiff has a duty to defend Clarksville based on this lack of coverage.

WHEREFORE Plaintiffs, Massachusetts Bay Insurance Company and Citizens Insurance Company of America pray:

1. For the declaration that policy ZDW D55090804 provides no coverage for any potential liability of Clarksville Limb & Brace & Rehab, Inc. arising from the Complaint pending under cause number Cause Number: 21-CI-002337.

2. For the declaration that policy U7W H232124 02 provides no coverage for any potential liability of Clarksville Limb & Brace & Rehab, Inc arising from the Complaint pending under cause number Cause Number: 21-CI-002337.

3. For the declaration that Massachusetts Bay Insurance Company and Citizens Insurance Company of America has no obligation to pay any judgment which may be awarded against Clarksville Limb & Brace & Rehab, Inc. with respect to the complaint currently pending under cause number Cause Number: 21-CI-002337

4. For the declaration that neither policy ZDW D55090804 nor U7W H232124 02 provide any coverage for potential liability of Clarksville Limb & Brace & Rehab, Inc. for injuries to Thomas K. Clark and/or Paula R. Clark and that Massachusetts Bay Insurance Company and Citizens Insurance Company of America has no duty to defend, indemnify, or pay any judgment with respect to any action brought by Thomas K. Clark and Paula R. Clark or any on their behalf, for said injuries.

WHEREFORE, Plaintiffs Massachusetts Bay Insurance Company and Citizens Insurance Company of America pray for judgment against the Defendants in an amount commensurate with the injuries and damages, for the costs of this action, and for all other just and proper relief.

Respectfully submitted,

/s/Christine R. Bond
Christine R. Bond (#24667-49)
KOPKA LAW GROUP
11711 N. Meridian Street, Suite 350
Carmel, IN 46032